UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| **DOMONIQUE GIBSON,** individually, and on behalf of others similarly situated, | |
|  Plaintiff, | Case No. |
| vs. | |
| **S&P DATA OHIO, LLC, an Ohio corporation,** | |
|  Defendant. | |

## **COLLECTIVE/CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, **DOMONIQUE GIBSON**, individually and on behalf of all others similarly situated, by and through their attorneys, **BROWN, LLC**, and **BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP,** hereby brings this Collective and Class Action Complaint against Defendant, **S&P DATA OHIO, LLC,** and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.      This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 by Plaintiff, **DOMONIQUE GIBSON** (hereinafter referred to as "Plaintiff"), individually and on behalf of all similarly situated persons employed by Defendant, **S & P DATA OHIO, LLC,** (hereinafter referred to as "Defendant"), arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01 *et seq.* ("OMFWSA"), Ohio's Prompt Pay Act, ORC Ann. 4113.15 ("OPPA"), Article II, Section 34a of the Ohio Constitution, and common law.

2.      Defendant operates a telemarketing call center in downtown Cleveland, Ohio which

provides customer sales and service support.

3.      Defendant has employed a staff of hourly-paid Customer Service Representative, including Plaintiff, at its headquarters in Cleveland, Ohio.

4.      Defendant violated the FLSA by failing to pay Customer Service Representatives for pre-shift work including setting up their work stations, booting up their computer and logging into the company phone system.

5.      Defendant violated the FLSA by improperly deducting time from Customer Service Representatives pay for meal breaks with respect to shifts in which Customer Service Representatives did not receive a bona fide uninterrupted meal break.

6.      In addition, Defendant failed to incorporate compensation paid to them as bonus into their regular rates of pay, for purposes of calculating their hourly overtime rates.

7.      As a result, there were many weeks in which Plaintiff and other Customer Service Representatives were not paid at any rate (let alone 1.5 of their regular rate of pay) for all their hours worked in excess of forty (40).

8.      The FLSA, OPPA and OMFWSA require non-exempt employees to be compensated for all hours worked and overtime wages for all hours worked in excess of forty (40) hours in a workweek inclusive of hours worked outside their scheduled shifts pursuant to 29 U.S.C. § 207(a)(1) and Ohio Rev. Code Ann. § 4111.03.

9.      As Customer Service Representatives, Plaintiff and the putative FLSA collective and Rule 23 class members performed primary job duties that do not fall within any exemptions from overtime compensation under the FLSA, OPPA and OMFWSA.

10.     Plaintiff brings this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action, defined as follows:

2

> *All Customer Service Representatives who worked for the Defendant at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

11.     Plaintiff seeks to send a notice pursuant to 29 U.S.C. § 216(b) to all Customer Service Representatives of Defendant permitting them to assert FLSA claims in this collective action by filing consent forms.

12.     Plaintiff asserts their OPPA and OMFWSA claims not only individually, but also on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Customer Service Representatives who worked for the Defendant in Ohio at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

13.     For at least three (3) years prior to the filing of this Complaint, Defendant have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

14.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, et seq.

15.     The court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 because it derives from a common nucleus of operative facts as Plaintiff's federal claim.

16.     This court has personal jurisdiction over Defendant because its company headquarters is located within this district in Cleveland, Ohio, has sufficient minimum contacts in Ohio, and is registered with the Ohio Department of the Secretary of State.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district and a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district and division.

## PARTIES

**Defendant**

18.    Defendant is a company incorporated in the State of District of Columbia with a headquarters located at 1500 West 3rd Street, Cleveland, Ohio 44113. Defendant will be served via their registered agent, S&P Data Ohio, LLC c/o Corporate Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

19.    According to its website (http://spdatallc.com/about-us), Defendant provides business process outsourcing services to generate more engagement and sales. The Company offers services such as outbound chat, email, text, and social media.

20.    Defendant operates and has operated brick-and-mortar call centers in Cleveland and other locations where telephone-dedicated Customer Service Representatives handle phone calls with customers.

**Plaintiff – Domonique Gibson**

21.    Plaintiff Domonique Gibson is a resident of Garfield Heights, Ohio and has signed a consent form to join this lawsuit, which is attached as ***Exhibit A***.

22.    Defendant has employed Plaintiff as a Customer Service Representative from approximately May 2017 through the present.

23.    Pursuant to Plaintiff's job duties as a Customer Service Representative, Plaintiff engaged in calls with customers and responded to requests from customers for information on products, equipment, services and billing.

## GENERAL ALLEGATIONS

24.    Defendant is an employer defined under 29 U.S.C. § 203(d) of the FLSA.

25.    Plaintiff and other Customer Service Representatives are or have been "employees"

of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

26.     Defendant was and continues to be "an enterprise engaged in commerce" within the meaning of the FLSA.

27.     Defendant has an annual gross business volume in excess of $500,000.

28.     Defendant has had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

29.     Defendant has "suffered or permitted" Plaintiff and other Customer Service Representatives to work and thus "employed" them within the meaning of the Ohio Rev. Code Ann. § 4111.03(d)(1) and 29 U.S.C. § 203(g) of the FLSA.

30.     Defendant has employed and continues to employ Customer Service Representatives.

31.     These Customer Service Representatives employees are hourly, non-exempt employees who work in a brick-and-mortar call center which is integral to Defendant's business.

32.     The majority of Defendant's Customer Service Representatives receives and responds to customer calls on behalf of Defendant's clients.

33.     Defendant requires its Customer Service Representatives to work a set schedule.

34.     Plaintiff currently works as a Customer Service Representative for Defendant at its brick-and-mortar call center location in.

35.     During her employment, Plaintiff earned approximately $12.00 per hour.

36.     Throughout her employment with Defendant, Plaintiff regularly worked off-the-clock as part of her job as a Customer Service Representative.

37.     In order to perform her job, Plaintiff was required to start-up and log-in to various, computer programs, software programs, servers, and applications in order to access information

and software. The start-up/log-in process took substantial time on a daily basis with said time ranging from 10 to 15 minutes per day, if not more. The computers used are slower and older and it can take 15 minutes or more to boot before being able to log into the time keeping system.

38.    Booting up her computer and logging into the company's phone system was an essential part of Plaintiff's job responsibilities as a Customer Service Representative.

39.    Customer Service Representatives are not paid for the pre-shift time spent booting up their computers.

40.    For example, for a Customer Service Representatives to be ready to work at 9 AM, generally, the Customer Service Representative would start booting up their computer around 8:45 AM and would not be paid for those 15 minutes.

41.    Defendant does not pay for the time spent booting up the computer until logging into the time keeping system.

42.    The off-the-clock time Customer Service Representatives spend logging onto their computers and downloading software applications directly benefits Defendant and this process was an essential part of their job responsibilities as Customer Service Representatives.

43.    The U.S. Department of Labor recognizes that call center jobs, like those held by Defendant's Customer Service Representatives, are homogenous and it issued Fact Sheet #64 in July 2008 to alert call center employees to some of the abuses which are prevalent in the industry.

44.    One of those abuses, which are at issue in this case, is the employer's refusal to pay for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday." *Id.*

45.    More specifically, Fact Sheet #64 condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for

6

agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." *Id.*

46.     In addition, Defendant improperly deducts half an hour from Plaintiff's pay for meal breaks with respect to shifts in which they did not receive bona fide uninterrupted meal breaks.

47.     On many days, the Customer Service Representatives do not have a free, uninterrupted lunch, even if they desire to take one, and work through at least a portion of the thirty minutes that are deducted for lunch.

48.     In addition, Defendant failed to incorporate bonuses into their regular rates of pay, for purposes of calculating their hourly overtime rates.

49.     As non-exempt employees, Customer Service Representatives, including Plaintiff, is entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

50.     Under FLSA, the regular rate is the "keystone" to calculating the overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945).   It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. § 778.108.

51.     The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid. *Id.*

52.     There is a statutory presumption that remuneration in any form must be included in the regular rate calculation.

53. The bonus Defendant paid to Customer Service Representatives for working did not meet any of the criteria in 29 U.S.C. § 207(e) for exclusion from the regular rate.

54. At all relevant times, Defendant was Plaintiff's "employer" and Defendant directly benefited from the work performed by Plaintiff and other Customer Service Representatives during the pre-shift start-up/log-in process and during the unpaid lunch.

55. At all relevant times, Defendant controlled Plaintiff's and Customer Service Representative's work schedules, duties, protocols, applications, assignments, and employment conditions.

56. At all relevant times, Defendant was able to track the amount of time that Customer Service Representatives spent in connection with the pre-shift start-up/log-in process; however, Defendant failed to document, track, or pay Customer Service Representatives for the pre-shift work that they performed in connection with each shift.

57. At all relevant times, Defendant's policies and practices deprived Customer Service Representatives of wages owed for the pre-shift start-up/log-in process on activities they performed. Because Customer Service Representatives typically worked 40 hours or more in a workweek, Defendant's policies and practices also deprived Customer Service Representatives overtime pay at a rate of 1.5 times their regular rate of pay, as required under the FLSA.

58. At all relevant times, Defendant knew or could have easily determined how long it took for its Customer Service Representatives to complete the pre-shift start-up/log-in process, and how many minutes Customer Service Representatives spent working through 30-minute meal periods and compensated this time accordingly, but did not.

59. In addition, Defendant failed to keep certain records of total number of hours actually worked by employees each workweek and thus Customer Service Representatives were

8

not properly paid for all hours worked.

60.    The FLSA requires employers to maintain records of all hours worked and wages paid to employees. 29 U.S.C.A. § 211(c).

61.    Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments or bureau.

62.    Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiff proper overtime compensation. As set forth herein, other prior and current FLSA Collective and Rule 23 Class members were subjected to the same wrongful policies, practices, and/or procedures.

## COLLECTIVE ACTION ALLEGATIONS

63.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

64.    Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of:

> *All Customer Service Representatives who worked for the Defendant at any time during the period of three (3) years prior to the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective").   Plaintiff reserve the right to amend this definition as necessary.

65.    Members of the FLSA collective are all improperly compensated for the time spent performing pre-shift start-up/log-in activities.

66.    Members of the FLSA collective had their pay wrongfully deducted for meal breaks in which they did not receive any bona fide uninterrupted meal breaks.

67.     As a result of the foregoing policies, there were many weeks in which Defendant failed to compensate members of the FLSA Collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

68.     In addition, Defendant was required to and/or failed to calculate the FLSA Collective overtime pay by incorporating bonus into their regular rates of pay.

69.     With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).   The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practice, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

70.     Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include several thousand members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

71.     The Collective Action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

72.     Defendant is aware that the FLSA applies to its business and it is required to adhere to the rules under the FLSA.

73.     Defendant's conduct and practices, described herein, were and are willful, intentional, unreasonably, arbitrary, and in bad faith.

## RULE 23 OHIO CLASS ACTION ALLEGATIONS

74.    Plaintiff re-alleges and incorporates all previous paragraphs herein.

75.    Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of:

> *All Customer Service Representatives who worked for the Defendant in Ohio at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

(hereinafter referred to as the "Rule 23 Ohio Class"). Plaintiff reserve the right to amend this definition as necessary.

76.    The members of the Rule 23 Ohio Class are so numerous that joinder of all Rule 23 Ohio Class members in this case would be impractical.

77.    Rule 23 Ohio Class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

78.    There is a well-defined community of interest among Rule 23 Ohio Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Ohio Class. These common legal and factual questions include, but are not limited to, the following:

> a.    Whether the pre-shift time Rule 23 Ohio Class members spend on start-up/log-in activities prior to "clocking in" for each shift is compensable time;
>
> b.    Whether the automatic lunch deduction in which work occurred is compensable time; and
>
> c.    Whether Rule 23 Ohio Class members are owed wages for time spent performing pre-shift and lunchtime activities, and if so, the appropriate amount thereof.

79.    Plaintiff claims are typical of those of the Rule 23 Ohio Class in that she and all other Rule 23 Ohio Class members suffered damages as a direct and proximate result of the

Defendant's common and systemic payroll policies and practices.    Plaintiff claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Ohio Class members' claims and her legal theories are based on the same legal theories as all other Rule 23 Ohio Class members.

80.    Plaintiff will fully and adequately protect the interests of the Rule 23 Ohio Class and she has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel has interests that are contrary to, or conflicting with, the interests of the Rule 23 Ohio Class.

81.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Ohio Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

82.    This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant and its corporate clients all have advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

83.    Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate.  *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

84.    Because Defendant acted and refused to act on grounds that apply generally to the

Rule 23 Ohio Class and declaratory relief is appropriate in this case with respect to the Rule 23

Ohio Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

**COUNT I**
**(29 U.S.C. § 216(b) Individual Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**
**FAILURE TO PAY OVERTIME**

85.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

86.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

87.     Defendant failed to pay Plaintiff for time spent performing 10 to 15 minutes of pre-shift start-up/log-in activities, if not more, during workweeks in which Plaintiff worked over forty (40) hours.

88.     Defendant automatically deducted time from Plaintiff's based on supposed meal break periods, including time that exceeded forty (40) hours in a workweek, which in fact in many such instances Plaintiff was required to perform her normal compensable work duties and was not relieved from duty.

89.     In addition, Defendant failed to incorporate bonuses paid to Plaintiff into her regular rate of pay, for purposes of calculating her hourly overtime rates.

90.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

91.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations applies to such violation pursuant to 29 U.S.C. § 255(a).

92.     As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.
### FAILURE TO PAY OVERTIME

93.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

94.     At all times relevant to this action, Defendant required Plaintiff and FLSA Collective members to perform pre-shift start-up/ log-in activities, but failed to pay these employees the federally mandated overtime compensation for all services performed.

95.     The preliminary off-the-clock work performed by Plaintiff and the FLSA Collective members every session is an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

96.     In workweeks where Plaintiff and the FLSA Collective members worked 40 hours or more, the uncompensated pre-shift work should have been paid at the federally mandated rate of time and a half of each employee's regularly hourly wage. 29 U.S.C. § 207.

97.     Defendant automatically deducted time from Plaintiff and the FLSA Collective members based on supposed meal break periods, including time that exceeded forty (40) hours in a workweek, which in fact in many such instances they were required to perform their normal compensable work duties and was not relieved from duty.

98.     In addition, Defendant failed to incorporate bonuses paid to Plaintiff and the FLSA Collective members into their regular rates of pay, for purposes of calculating their hourly overtime rates.

99. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined Customer Service Representative's pre-shift work and Defendant could have properly compensated Plaintiff and the FLSA Collective members for the work they performed, but did not.

100. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

### COUNT III
### (Individual Claim)
### Violations of OMFWSA, Ohio Rev. Code Ann. § 4111.03
### FAILURE TO PAY OVERTIME

101. Plaintiff re-alleges and incorporates all previous paragraphs herein.

102. Ohio Rev. Code Ann. § 4111.03(A) provides:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," 52 Stat. 1060, 29 U.S.C.A. 207, 213, as amended.

103. Plaintiff regularly worked over forty (40) hours a week as required by Defendant.

104. Defendant failed to pay Plaintiff for time spent performing 10 to 15 minutes of pre-shift start-up/log-in activities, if not more, during workweeks in which Plaintiff worked over forty (40) hours.

105. In addition, Defendant violated the OMFWSA by failing to incorporate compensation paid to Plaintiff's bonuses into her regular rate of pay, for purposes of calculating their hourly overtime rates.

106. As a result of the foregoing, Plaintiff was illegally denied proper overtime compensation, in such amounts to be determined at trial, and is entitled to recovery of such total

unpaid wages and reasonable attorneys' fees and costs pursuant to Ohio Rev. Code Ann. § 4111.03.

## COUNT IV
### (Rule 23 Ohio Class Action)
### Violations of OMFWSA, Ohio Rev. Code Ann. § 4111.03
### FAILURE TO PAY OVERTIME

107.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

108.     At all relevant times, Plaintiff and Rule 23 Ohio Class members were employed by Defendant within the meaning of the Ohio Minimum Fair Wage Standards Act, and were not exempt from the statute's requirements.

109.     In many weeks, Plaintiff and other Rule 23 Ohio Class members worked over forty (40) hours.

110.     Defendant violated the OMFWSA by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Ohio Class for the time spent on the work activities described in this Complaint.

111.     In addition, Defendant violated the OMFWSA by failing to incorporate compensation paid to Plaintiff and other Rule 23 Ohio Class members' bonuses into their regular rates of pay, for purposes of calculating their hourly overtime rates.

112.      As a result of Defendant's violations of ORC Ann. 4111.03(A), Plaintiff and the Rule 23 Ohio Class members are entitled to recover unpaid overtime wages dating three (3) years back, *see* ORC Ann. 4111.14(K), plus an additional amount in liquidated damages equal to an additional two times the amount of the back wages, reasonable attorneys' fees, and costs of this action, pursuant to ORC Ann. 4111.14(J).

## COUNT V
### (Rule 23 Ohio Class Action)
### Violations of the Ohio Prompt Pay Act, ORC Ann. § 4113.15

## **FAILURE TO PAY WAGES**

113.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

114.     At all relevant times, Plaintiff and Rule 23 Ohio Class members were employed by Defendant within the meaning of the Ohio's Prompt Pay Act, and were not exempt from the statute's requirements.

115.     At all relevant times, ORC Ann. 4113.15 has provided:

> Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month. If at any time of payment an employee is absent from his regular place of labor and does not receive his wages through an authorized representative, such person shall be entitled to said payment at any time thereafter upon demand upon the proper paymaster at the place where such wages are usually paid and where such pay is due. This section does not prohibit the daily or weekly payment of wages, the use of a longer time lapse that is customary to a given trade, profession or occupation, or establishment of a different time lapse by written contract or by operation of law.

116.     Defendant violated ORC Ann. 4113.15 by failing to pay Plaintiff and other Rule 23 Ohio Class members for the time spent on the work activities described in this Complaint.

117.     As a result of Defendant's violations of the Ohio's Prompt Pay Act, Plaintiff and the Rule 23 Ohio Class members are entitled to recover unpaid wages dating two (2) years back, *see* O.R.C. 2305.11(A), plus an additional equal amount in liquidated damages, reasonable attorneys' fees, and costs of this action, pursuant to ORC Ann. 4113.15(B).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Domonique Gibson, respectfully requests that this Court grant the following relief against Defendant:

a.    A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516, et seq.;

b.    A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Ohio Rev. Code Ann. § 4111.03;

c.    An Order for injunctive relief ordering Defendant to comply with the FLSA, OMFWSA and OPPA and end all of the illegal wage practices alleged herein;

d.    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count II);

e.    Certifying this action as a class action (for the Rule 23 Ohio Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff 's claims under the OMFWSA and OPPA (Counts IV and V);

f.    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective action Class members and Rule 23 Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

g.    Designating Plaintiff as the representative of the FLSA collective action Class, and the Rule 23 Ohio Class, and undersigned counsel as Class counsel for the same;

h.    Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

i.    Judgment for damages for all unpaid overtime compensation and pre-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the violated N.R.S. §§ 608.016 and 608.018;

j.    An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

k.    Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

l.    Declaring Defendant violated the FLSA OMFWSA and OPPA and that said

violations were intentional, willfully oppressive, fraudulent and malicious;

m.     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA OMFWSA and OPPA;

n.     Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

o.     Awarding such other and further relief as this Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff, **DOMONIQUE GIBSON**, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled cause.

RESPECTFULLY SUBMITTED,

Dated: October 29, 2018     By:  /s/ *Robert E. DeRose*

Robert E. DeRose (Ohio Bar ID: 0055214)
Jessica R. Doogan (Ohio Bar ID: 0092105)
BARKAN MEIZLISH DEROSE WENTZ
MCINERNEY PEIFER, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
T: (800) 274-5297
F: (614) 744-2300
bderose@barkanmeizlish.com
jdoogan@barkanmeizlish.com

*Local Counsel for Plaintiff*

Nicholas R. Conlon (will seek *Pro Hac Vice* Admission)
Jason T. Brown (will seek *Pro Hac Vice* Admission)
**BROWN, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297

nicholasconlon@jtblawgroup.com
jtb@jtblawgroup.com

*Lead Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing document was served upon all parties and/or attorneys of record to the above cause herein at their respective addresses as disclosed on the pleadings on October 29, 18 via:

| _____ | U.S. MAIL | _____ | FACSIMILE |
|---|---|---|---|
| _X_ | ECF FILING | _____ | HAND DELIVERY |
| _____ | E-MAIL | _____ | FEDERAL EXPRESS |

/s Nicholas Conlon
_____
Nicholas Conlon